The first case for argument today is 2011-7137 ASPRY v. DVA. Ms. Wichow? Wichow. Wow. Please, whenever you're ready. Thank you. May it please the Court. Under 38 U.S.C. 1111, Congress has established a clear standard for the presumption of soundness in veterans' cases. VA must rebut, by clear and unmistakable evidence, the presumption. And to do that, they have to show, by clear and unmistakable evidence, that the veteran's condition both predated service and was not aggravated by service. Now, in this case, there's no dispute that the presumption of soundness does apply. And we are not here arguing about the first prong. We are strictly, in this case, looking at the second prong, the aggravation prong. Well, let me tell you what my difficulty is. Sure. You'll have a chance to respond to it if you can. And that is that, let's assume for a moment that we all agree that there was a problem in terms of what standard the Board articulated here. But the Court of Veterans Claims, in my view, appears to have fixed it. And so what you're left with, if you're just looking at what the Court of Veterans Claims did, was its application of the clear and unmistakable evidence standard. And while your arguments may be powerful with respect to its application of that standard, how do we have jurisdiction if that's the issue before us? Right. And that would be the whole law-to-fact issue. I don't think that what the Veterans Court did here was, in fact, applying the law to the facts, the law as it is supposed to be interpreted. Now, they didn't give us a whole lot of discussion to talk about. But if you look at what they actually said on page four of the record, the Court says, The 1945 hospital record noting no progression of deafness and no military aggravation... I'm sorry, could you tell us where on page four we are on the page? Second full paragraph. Okay. Thank you. The third sentence, starting with the 1945. Okay. Provides clear and unmistakable evidence that the appellant's bilateral hearing loss was not aggravated by service. Thus, the second prong of the presumption of soundness was rebutted. Now, what the Court is doing there is setting up almost a per se rule. If you have that sentence anywhere in the medical record, that rebuts the presumption of soundness. I don't understand this. They are relying on this hospital record that said that there was no military aggravation. Now, I can appreciate that you might say that's not sufficient to establish clear and unmistakable evidence. But in my mind, that's a question of applying law to facts and not a question of law. Well, the issue, the problem here is that they are setting a per se rule. That that sentence alone, no matter what else... What's the per se rule again? That any time you have a statement, that if you have a statement that says, regardless of any other evidence and regardless of whether that statement is supported, explained, or anything, if you find that statement in the record, that is enough to provide clear and unmistakable evidence. That's an interpretation of what the standard requires. It says you don't have to look at any other evidence. You don't have to look at the factual predicates for that statement. This isn't the same sort of situation as if the Veterans Court had said, okay, we have this statement by a doctor and we have all this other evidence, but we have determined for whatever reason that the one outweighs the other. That would be looking at the evidence and applying the legal standard to it. Here, they are not doing that. They are interpreting the standard to mean that that one sentence, no matter what other evidence appears in the record, is enough all by itself. So that goes beyond the facts of this case, because any case in which you had that sentence anywhere in the record, that would, if effective, be clear and unmistakable evidence. And so we're setting a rule here that it becomes almost an irrebuttable presumption that if anybody said that anywhere in the record, you don't have to look beyond that. But how was the phrase no military aggravation in the record if it wasn't put in there by Mr. Ashby or his doctor? Why wouldn't that phrase be sufficient to meet the standard? Well, because by in and of itself, if there was no other evidence, or if the other evidence supported it, perhaps, but courts are saying they don't have to look beyond that standard. Clear and unmistakable has been interpreted to mean undebatable. And it's a rather odd interpretation of that standard to say we can take one sentence, we don't have to analyze it, we don't have to look at it. What's the other evidence that you think should have been weighed or was improperly ignored? Well, there was the fact that his hearing test when he entered service showed him with hearing of 20-20. There's the fact that there is no evidence in the record indicating that he had any problems whatsoever with hearing during the period from February. What about his statements that he had hearing problems since birth and the question of whether his mother had had hearing problems? I mean, there is evidence in the record that this pre-existing loss of hearing condition that he had. Right, and that's why I'm focusing here on the second prong, the no aggravation. Somebody can have a hearing disability since birth and it can still be aggravated by service. So when we're talking about the aggravation prong, we really have to look at what was his condition when he entered service and then what happened during service. What was his connection after that? Don't you think that there's an anomaly here that there's evidence that shows that he had hearing problems or hearing loss, serious hearing loss, prior to entering the service and then when he had that examination and found that he had no normal hearing when he entered into service, I mean, you have pieces of evidence in dispute and that was weighed below and we can't re-weigh that. That's absolutely correct, Your Honor. However, first of all, I will say there is no medical evidence of him having any hearing problems before service. This is completely based on his statements. And the VA typically does not accept a veteran's statements as being conclusive evidence, regardless. However, that still, even if he does have a hearing, some sort of hearing disability, his statement that I had trouble hearing before service, it seems to me that at least the board would have to weigh that against the apparently objective test that he was given a hearing test when he entered service. Can I ask you sort of a different question, which is just about the state of play of this case in its entirety? Sure. Because as I recall, there were two parts to this, right? That's correct. The hearing loss and then tinnitus. Right. So there's still a piece of this case going on, the tinnitus piece, right? That's correct. That he's still pursuing a claim. Is the tinnitus claim also related to the alleged aggravation during service that he got it from hearing the gunshot or whatever? Yes, it is. So that issue is still in play. He hasn't been foreclosed from getting some sort of benefit or claim. Ten percent. Ten percent for the tinnitus claim. That's correct. That's correct. Now, oddly enough, the Veterans Court found that this statement, no aggravation in service and no progression, was not adequate to rebut the presumption of soundness when it came to the tinnitus, only when it came to his hearing disability. But, as I said, neither the board nor the court made any attempt to look at the only objective medical evidence in the records. And that objective medical evidence in the record, I mean, there is a presumption of regularity that the military did its job when they filled out those forms and accepted him into service and said he had 20-20 hearing. Then, later on, by the time he goes, something happened in June, and he wound up in a hearing disability program for the next two months. When he got there, they tested his hearing as 1 over 20. And then, during the time he was there, it progressed to 0 over 20. So the incident that happened that you talked about was, Mr. Ashby says that a gun misfire blew up on the firing range. But there's no record of that incident happening other than Mr. Ashby's statements. That's correct. Why should they take his statement that the incident occurred and give it great probative weight, but not take his statement that he had these serious hearing problems before the military and not give it great probative weight? Or we could equally turn that around and say, why should they give great probative weight to a statement that he had hearing disability and not to a statement that there was a firing range incident? Well, let me turn it around a third way, which is we don't have a basis for evaluating how they're weighing the evidence, right? You're right, that poses different questions. But at the end of the day, we don't have jurisdiction to review what they did in that regard, right? Exactly. And that's why what we're saying is the court appears to have made a per se rule that that one sentence by itself satisfies the clear and unmistakable standard without any effort or any attempt or any requirement to look at any of the other evidence. And what we're saying is that could be applied in any case, regardless of the facts, where that one sentence appears in the records. And because of that, that's a rule that's being set, and it's not dependent on the facts in this case. We'll save you rebuttal time. Thank you very much, Your Honor. Good morning, Your Honors. May it please the Court. With respect to whether the Veterans Court established a per se rule, the Veterans Court, as has already been discussed, remanded, as of tonight's claim, and didn't remand the hearing loss claim. That seems to suggest that the Veterans Court wasn't contemplating any kind of per se rule. Rather, the Veterans Court was applying the standard to the facts of this case and concluded that there was sufficient evidence to rebut or to demonstrate clear and unmistakable evidence as to the loss of hearings, but not as to this denial. So there's not a per se rule established here. The parties in the briefs discuss a lot what the Board did here, and ultimately, as Your Honor pointed out, Judge Prost, that's immaterial because it doesn't matter what the Board did. The Veterans Court found whatever the error was, whether it was misciting 1153 or whether it was applying 1153 and requiring Mr. Asprey to demonstrate some kind of progression before the VA was required to demonstrate clear and unmistakably that it was not aggravated. Either way, the Board found that there was clear and unmistakable evidence that it was not aggravated, and the Veterans Court found there was clear and unmistakable evidence. There's a single isolated statement of no military aggravation, yet when he went into the service he had 20-20 hearings, and when he left the service he was deaf. I mean, wouldn't that, how does that survive a clear and unmistakable evidence standard? The Board found, and the Veterans Court found, that he didn't have perfect hearing when he came into service, but that the presumption of soundness was actually rebutted by all of this evidence, that the evidence that when he first submitted his claim he said, I have had hearing loss since birth, hearing difficulty began at birth is what he said on his claim, and that when he went to the hospital, the doctor who was treating him said that he had had defective hearing as long as he can remember, he didn't finish high school because of his hearing, and that there was no progression of the deafness, that the progression of defective hearing that the doctor denoted was static, suggesting it's unchanged, that all of this together rebuts that presumption, so that he actually was not sound when he came into service. That presumption's been rebutted by all of this evidence, and as the court's already noted, that's all that way. So when we apply the Q standard, the clear and unmistakable evidence, are you saying that lay statements or statements made by a person regarding their health can effectively rebut a medical opinion? I mean, you could talk to somebody who is clearly disabled, and you ask them, how are you doing, and they'll say, I'm doing great. Or someone who has just come out of a hospital after having surgery,  and Joe will say, well, I feel fine. I mean, how do these type of statements overcome a medical opinion? First of all, Your Honor, this is not a Q case. It's a case open on direct appeal where Mr. Asprey submitted new and material evidence to reopen an earlier denied claim that had become final. His new evidence was his assertion that there was this explosion, this gunshot, that damaged his hearing. So that's the procedural posture of the case. As to the larger point, all of that is weighing of the evidence, and yes, the board can look to what the veteran said about his own progression, and that can counteract the medical evidence. In fact, here we have no objective medical evidence, meaning no tests of his hearing prior to service. What we have is when he went in to see a doctor, and the doctors tried to treat him to try to improve his hearing, presumably he tells them, the doctor, the truth. And he told the doctor that he had had hearing loss since he was born, that he didn't finish high school because of his hearing loss, and the doctor believed that and tried to improve his hearing through various methods. The report on page, Joint Appendix page 42, written by his doctor when he left the hospital, notes that he denied having any acoustic trauma at that time. So when he was seeing his doctor in 1945, in all the discussions that one has with their doctor, he said he had had defective hearing as long as he could remember. And the doctor presumably believed that, and the doctor found, based on that and all the medical testing and everything that had been done for the months that he was in the hospital, the doctor concluded that there was no progression of deafness and no military aggravation. That seems to be clear and unmistakable evidence that there was no military aggravation. But whether this court thinks so or whether I think so is not really important because the board thought so and the Veterans Court thought so. And as this court said in Harris v. West, Felcher v. West, and Walter v. Nicholson, that question is simply beyond this court's jurisdiction to consider, even if we were to disagree. Unless your friend on the other side is correct that that statement is a statement of law, that if you have a record saying no military aggravation, you don't consider any other evidence, and that's sufficient to make it clear and unmistakable evidence. That's what I understand the other side's argument to be with respect to jurisdiction, correct? I understood that today also, Your Honor. In Harris v. West, this court said that the statute says nothing about the kind of evidence that can be used to rebut the presumption. So to the degree that Mr. Asprey's arguing that there's certain kinds of evidence that can't be included, this court's already rejected that conclusion by saying that 1111 says nothing about the type of evidence that can be used. And as this court explained in Walter, to be a test of the sufficiency of the evidence within this court's jurisdiction to consider, it has to be an assertion that there was no evidence supporting it. And I don't understand Mr. Asprey saying there's no evidence here, but rather to be saying that a single piece of evidence was not sufficient. And that is beyond this court's jurisdiction as the court said in Walter. Walter Belcher.  So we think there's actually nothing here within this court's jurisdiction even if we're sympathetic to Mr. Asprey's claim. And as Your Honor pointed out, Judge Crouse, the tonight's claim is still alive. The Veterans Court, in not applying any kind of per se rule, rather applying clear and unmistakable evidence standard to the facts here, found that the board hadn't sufficiently addressed whether there's clear and unmistakable evidence to refute the tonight's claim, and so that claim is still alive. If there are no further questions, we respectfully request that this court affirm the decision of the Veterans Court. Just one point I'd like to make is we're not arguing at all that there are only some sorts of evidence that can be used and that others can't. So to the extent that the Secretary's arguing that, that's not our argument at all. We're simply arguing that you can't simply set a rule that says if there's one statement, that's it. We don't look beyond that. And in terms of, you know, obviously we disagree here on whether the Secretary and Mr. Asprey disagree on whether this is a weighing of evidence application of law to facts. But I come back and I look at the statement that the court said. The court said that that one 1945 statement, they said that provides clear and unmistakable evidence. So I guess the question is, is the clear and unmistakable evidence standard set by Congress defined as being something that is undebatable, is that satisfied by pointing at one sentence and saying that's enough? Well, isn't the real answer to that that depends on the case? I mean, in certain circumstances maybe yes, in others maybe not. Well, it would be so if, perhaps if the court had said there's all this evidence, but we say in this case this is the answer. That would have been applying the clear and unmistakable standard to the evidence in the case. Here they don't do that. In fact, if you'll notice, the court's opinion never even talks about these medical records. Particularly like the finding when he entered service of having 20-20 hearing, the fact that even in these hospital records they say that his hearing deteriorated from the time he came to Borden Hospital to the time he was discharged. The court doesn't even mention those. So, we're having to make an awful lot of assumptions if we're going to say the court considered... Had they said something like, based on the file before us, we find that there's no military aggravation, would that... Yeah, if they had talked about the evidence but instead what they said was... Well, don't we assume that they reviewed everything in the records? They don't have to... I mean, we've got plenty of cases that talk about how they don't have to discuss every piece of evidence and we presume that they did consider what was in the record even if they don't speak to it. Isn't that how we typically review... We can presume that, but what we also need to look at is what did they say? And I think the plain language of what the court said here is that that record alone was clear and unmistakable evidence and that was all they had to look at and that's all they talked about. And it's... You know, as I say, that's setting a per se rule and that would apply to any case in which that sentence was made anywhere in the record and that sentence is quite commonly found in Med Board proceedings and so forth. It's not a rare and unique situation. So, under this, we've got a per se rule that if there is that statement, no matter whether it's supported, no matter if there's any other evidence or anything, that's enough. And that's enough to satisfy the clear and unmistakable evidence standard. It's questionable whether that would even satisfy a preponderance of the evidence standard if you just rely on one sentence and don't even look at the rest of the evidence. This standard is completely contrary to the entire Veterans Law scheme. To simply say one sentence, that's enough. That's clear and unmistakable. Are there any further questions, Your Honor? Thank you very much. We thank both counsel. The case is submitted.